UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TITA NYAMBI,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>HUMBOLDT COUNTY SUPERIOR COURT, et al.,<br><br>　　　　　Defendants. | Case No. 25-cv-03774-JSC<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff, an inmate at the Humboldt County Jail who is proceeding without representation by an attorney, filed this pro se civil rights complaint under 42 U.S.C. 1983 against the Humboldt County Sherriff's Department, the "Humboldt County Correctional Facility," and the Humboldt County Superior Court. Plaintiff's application to proceed *in forma pauperis* is granted in a separate order. For the reasons explained below, the complaint is dismissed with leave to amend.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. To state a claim that is plausible on its face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

Plaintiff alleges "[a]s previously indicated,"[1] he was "denied proper medical assistance" in jail by employees of Defendant Humboldt County Sherriff's Department ("HCSD"). (ECF No. 1 at 2.) He alleges that when he was not in jail, HCSD deputies "subjected" him to "abuse" and to "unreasonable and inordinate amounts of harassment, retribution, threats, harmful actions, and malicious prosecutions." (*Id.*) He alleges these actions have "prevent[ed]" him from "seeking justice criminally or civilly" and have "distort[ed]" his "character." (*Id.* at 2-3.) He alleges HCSD and "EPD" officials have "frequently" arrested him for sleeping in his car "while others are left alone," and they have also impounded his car "so many times," resulting in towing and storage fees. (*Id.* at 3.) He alleges the Humboldt County Superior Court has "failed to investigate" incidents in which he was assaulted, or "bring any [related] charges" related to such incidents.

---

[1] Plaintiff previously filed a civil rights action making similar allegations to those he makes here. *See Nyambi v. Humboldt County Sherriff's Department*, *et al.*, No. C 22-5212 JSC (PR) (ECF No. 1). The complaint was dismissed with leave to amend, and the case was subsequently dismissed without prejudice because Plaintiff failed to keep the court informed of his address. *See id.* (ECF Nos. 9, 14).

(*Id.*)  He also complains the Public Defender's Office has failed to advocate for, and the Superior Court has failed to order, a "pretrial diversion" based upon his mental health problems.  (*Id.*)

Plaintiff may not proceed with his claims against the Humboldt County Superior Court for failing to investigate and charge crimes committed against him.  First, state courts are not responsible for investigating or charging crimes.  Second, the superior courts in California have "sovereign" immunity under the Eleventh Amendment from all claims for damages.  *Munoz v. Superior Court of Los Angeles County*, 91 F.4th 977, 980 (9th Cir. 2024).  Accordingly, Plaintiff's claims against the Humboldt County Superior Court are not capable of judicial determination and review and will be dismissed without leave to amend.

The other Defendants ---- the "Humboldt County Detention Facility" and the HCSD ---- are not independent entities but rather are a facility and an agency run by Humboldt County.  Humboldt County is local government entity subject to liability under 42 U.S.C. § 1983 only when official policy or custom causes a constitutional violation.  *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978).  Such entities may not be held vicariously liable, however, simply on the theory that they are responsible for their employees' actions.  *Id.* at 691.  To establish liability, a plaintiff must show: "(1) that he possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation."  *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992).

Plaintiff has not alleged facts that, when liberally construed, state a plausible claim that he was deprived of a constitutional right.  First, his claim of inadequate medical care is conclusory because he does not allege the medical condition he has or the treatments he did or did not receive.  Second, the complaint is also not clear as to what the alleged "abuse," "harassment, retribution, harmful actions, and malicious prosecutions" involved.  To the extent these allegations are based on his arrests for sleeping in his car, and/or the towing, impounding, and related fees, Plaintiff has not alleged facts that plausibly establish these actions were unconstitutional.  The Fourth Amendment requires that an arrest be supported by probable cause, *Atwater v. City of Lago Vista*,

532 U.S. 318, 354 (2001), and Plaintiff pleads no facts supporting a reasonable inference his arrests for sleeping in his car lacked probable cause.  Third, the bare allegation that others who also slept in their car were not arrested is not sufficient to state a plausible equal protection claim.  The Equal Protection Clause requires "that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985).  Plaintiff does not allege any facts regarding the circumstances of others who slept in their car but were not arrested, such as whether they were sleeping in their cars illegally or in the same location as Plaintiff.  Without such allegations, the complaint does not support a reasonable inference that people who were not arrested were similarly situated to him.  Lastly, Plaintiff has not alleged what "threats" he received or from whom.

Plaintiff will be given leave to file an amended complaint in which he cures the above deficiencies in his claims by alleging facts that support a reasonable inference of a plausible constitutional violation.  In his amended complaint, he may name the individuals involved in any alleged violation as Defendants.  He is reminded that if he wishes to also name as Defendants any municipality that employed such individuals, such as Humboldt County, he must allege the municipality had a policy or practice that was the moving force behind the violation of his rights.

## CONCLUSION

1. The claims against Humboldt County Superior Court are DIMISSED without leave to amend.  The claims against the other Defendants are DISMISSED WITH LEAVE TO AMEND as to certain claims, as described above.  Plaintiff shall file an amended complaint on or before **September 5, 2025**.  The amended complaint must include the caption and civil case number used in this order (No. C 25-3774 (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page.  Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; he must include in his amended complaint all the claims he wishes to pursue.  <u>If Plaintiff fails to file an amended complaint within the designated time, or if the amendment is not sufficient, all the claims may be dismissed.</u>

2. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion, although he may request an extension of time provided it is accompanied by a showing of good cause and it is filed on or before the deadline he wants to extend. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: August 4, 2025

_____
JACQUELINE SCOTT CORLEY
United States District Judge