UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TITA NYAMBI,<br><br>        Plaintiff,<br><br>  v.<br><br>HUMBOLDT COUNTY SUPERIOR COURT, et al.,<br><br>        Defendants. | Case No. 25-cv-03774-JSC<br><br>**ORDER TO UPDATE ADDRESS AND TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED** |

      Plaintiff was an inmate in the Humboldt County Correctional Facility proceeding without an attorney when he filed this civil rights action under 42 U.S.C. § 1983. On August 4, 2025, the order dismissing the complaint with leave to amend and the order granting Plaintiff leave to proceed in forma pauperis were mailed to him with the inmate number and address he provided to the Court in his complaint on May 1, 2025. (ECF Nos. 1, 6, 7.) On August 21, 2025, the postal service returned the orders because the mail could not be delivered to him at the address and with the inmate number he provided. (ECF No. 8.) The returned mail bore the acronym "NIC" on the envelope, which the Court understands to mean "not in custody." (*Id.* at 1.) On November 21, 2025, the Clerk mailed the orders again to Plaintiff at another address he provided in his complaint for "out of custody"(ECF No. 1 at 1, 2), but the postal service again returned those orders as undeliverable (ECF No. 10). Plaintiff has not filed an amended complaint, as he was directed to do.[1]

      Pursuant to Northern District Civil Local Rule 3-11, a party proceeding without attorney representation (pro se) whose address changes while an action is pending must promptly file and

---

[1] On September 29, 2025, the Court received a copy of the original complaint from the United States District Court for the District of Columbia bearing that court's stamp indicating receipt on May 22, 2025. (ECF No. 9 at 1.)

serve upon all opposing parties a notice of change of address specifying the new address.  Civ. L.R. 3-11(a).  The court may, without prejudice, dismiss a complaint when: (1) mail directed to the pro se party by the court has been returned to the court as not deliverable, and (2) the court fails to receive within 60 days of this return a written communication from the pro se party indicating a current address.  Civ. L.R. 3-11(b); *see also Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (affirming dismissal with prejudice of pro se prisoner's complaint for failing to notify court of his change of address despite local rule providing that case be dismissed without prejudice because any lesser sanction would impose affirmative obligation for district courts to track down pro se prisoners).  More than 60 days have passed since mail to Plaintiff was returned as undeliverable, and the Court has not received a written communication from him indicating a current address.

In addition, Federal Rule of Civil Procedure 41(b) allows the involuntary dismissal of an action or a claim for "failure of the plaintiff to prosecute or comply with these rules or any order of the court."   A district court may sua sponte dismiss an action pursuant to Federal Rule of Civil Procedure 41(b).  *See Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962).  But such a dismissal should be only when the failure to comply is unreasonable.  *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991).  Plaintiff was ordered to keep the Court informed of any address change and cautioned that any failure to do so may result in the dismissal of this case under Rule 41(b).  (ECF No. 6 at 4-5 ¶ 2.)

On or before **January 21, 2026**, Plaintiff shall: (1) provide a current valid mailing address and any identification number necessary for him to receive mail; **and** (2) show cause why this case should not be dismissed under Civil Local Rule 3-11 or Rule 41(b).  **The failure to do so will result in the dismissal of this case.**

**IT IS SO ORDERED.**

Dated: December 12, 2025

_____
JACQUELINE SCOTT CORLEY
United States District Judge