UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TITA NYAMBI,

        Plaintiff,

     v.

HUMBOLDT COUNTY SUPERIOR
COURT, et al.,

        Defendants.

Case No. 25-cv-03774-JSC

**ORDER SETTING NEW DEADLINE
TO FILE AMENDED COMPLAINT**

Plaintiff was an inmate in the Humboldt County Correctional Facility proceeding without an attorney when he filed this civil rights action under 42 U.S.C. § 1983. As explained in the Order to Show Cause dated December 12, 2024:

> On August 4, 2025, the order dismissing the complaint with leave to amend and the order granting Plaintiff leave to proceed in forma pauperis were mailed to him with the inmate number and address he provided to the Court in his complaint on May 1, 2025. (ECF Nos. 1, 6, 7.) On August 21, 2025, the postal service returned the orders because the mail could not be delivered to him at the address and with the inmate number he provided. (ECF No. 8.) The returned mail bore the acronym "NIC" on the envelope, which the Court understands to mean "not in custody." (*Id*. at 1.) On November 21, 2025, the Clerk mailed the orders again to Plaintiff at another address he provided in his complaint for "out of custody" (ECF No. 1 at 1, 2), but the postal service again returned those orders as undeliverable (ECF No. 10). Plaintiff did not file an amended complaint, as he was directed to do.

(ECF No. 11 at 1 (footnote omitted).) The Court therefore ordered Plaintiff as follows:

> On or before **January 21, 2026**, Plaintiff shall: (1) provide a current valid mailing address and any identification number necessary for him to receive mail; or (2) show cause why this case should not be dismissed without prejudice under Civil Local Rule 3-11. **The failure to do so may result in the dismissal of this case without prejudice.**

(*Id.* at 2 (emphasis in original).)  The order to show cause was mailed to Plaintiff at the jail address, and it was not returned as undeliverable.

On December 29, 2025, the Court received a letter from Plaintiff describing in narrative form a series of arrests and his placement in and out of jail.  (ECF No. 12.)  The return address on the letter's envelope was the Humboldt County Jail, and the letter also indicated a new "out of custody" address.  (*Id*. at 1, 52.)  On January 23, 2026, the Clerk re-mailed the orders of dismissal with leave to amend and granting leave to proceed in forma pauperis, as well as a complaint form, instructions, and a postage-paid return envelope, all to Plaintiff at the jail.  These were not returned as undeliverable, nor has the Court received an amended complaint.

Plaintiff appears to have corrected the address problem, at least for the time being, insofar as mail sent to him at the jail on December 12 and January 23 has not been returned as undeliverable.  Plaintiff has not, however, filed an amended complaint as he was ordered to do.  It is not clear whether Plaintiff intended his letter of December 29, 2025, to be an amended complaint, but if he did, it does not suffice.  The order of dismissal with leave to amend instructed Plaintiff to cure the deficiencies in the complaint, and to do so in an amended complaint that includes "the caption and civil case number used in this order (No. C 25-3774 (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page."  (ECF No. 6 at 4.)  Plaintiff's letter does none of these things.

It may not have been clear to Plaintiff that there would be a new deadline for filing an amended complaint.  Accordingly, the Court hereby orders:

//

//

United States District Court
Northern District of California

2

Plaintiff shall file an amended complaint on or before **April 15, 2026.**  The amended complaint shall cure the deficiencies described in the order of dismissal with leave to amend. (ECF No. 6.)  The amended complaint shall also be on the Court's complaint form and include the caption and civil case number used in this order (No. C 25-3774 (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page.  Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; he must include in his amended complaint all the claims he wishes to pursue.  **If Plaintiff fails to file an amended complaint within the designated time, or if the amendment is not sufficient, all the claims may be dismissed.**

**IT IS SO ORDERED.**

Dated: March 13, 2026

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California

3