UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TITA NYAMBI,

          Plaintiff,

    v.

HUMBOLDT COUNTY SUPERIOR
COURT, et al.,

          Defendants.

Case No. 25-cv-03774-JSC

**ORDER TO SHOW CAUSE AND TO
UPDATE ADDRESS**

Plaintiff, who was an inmate in the Humboldt County Correctional Facility ("HCCF") proceeding without an attorney when he filed this civil rights action under 42 U.S.C. § 1983, has failed to maintain his current address with the Court. Most recently, on March 23, 2026, the Order setting a new deadline to file an Amended Complaint (ECF No. 13), which was mailed to Plaintiff at the HCCF address he provided to the Court in his complaint and his most recent filing (ECF Nos. 1, 12), was returned by the postal service because it could not be delivered to him at that address (ECF No. 14). This is the third occasion on which mail sent to Plaintiff at the address he provided was returned as undeliverable. (*See* ECF Nos. 8, 10, 14.)[1]

As Plaintiff has been advised on numerous occasions, pursuant to Northern District Civil Local Rule 3-11, a party proceeding without attorney representation (pro se) whose address changes while an action is pending must promptly file and serve upon all opposing parties a notice of change of address specifying the new address. Civ. L.R. 3-11(a). The court may, without prejudice, dismiss a complaint when: (1) mail directed to the pro se party by the court has been

---

[1] The most recent order details the extensive efforts to mail Plaintiff orders at a valid address. (*See* ECF No. 13.)

returned to the court as not deliverable, and (2) the court fails to receive within 60 days of this return a written communication from the pro se party indicating a current address.  Civ. L.R. 3-11(b); *see also Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (affirming dismissal with prejudice of pro se prisoner's complaint for failing to notify court of his change of address despite local rule providing that case be dismissed without prejudice because any lesser sanction would impose affirmative obligation for district courts to track down pro se prisoners).

In addition, Federal Rule of Civil Procedure 41(b) allows the involuntary dismissal of an action or a claim for "failure of the plaintiff to prosecute or comply with these rules or any order of the court."   A district court may sua sponte dismiss an action pursuant to Federal Rule of Civil Procedure 41(b).  *See Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962).  But such a dismissal should be only when the failure to comply is unreasonable.  *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991).  Plaintiff was ordered on numerous occasions to keep the Court informed of any address change and cautioned that any failure to do so may result in the dismissal of this case under Rule 41(b).  (ECF Nos. 6 at 4-5 ¶ 2; ECF Nos. 11, 13.)

On or before **May 22, 2026**, Plaintiff shall: (1) provide a current valid mailing address and any identification number necessary for him to receive mail; **and** (2) show cause why this case should not be dismissed under Civil Local Rule 3-11 or Rule 41(b).  **The failure to do so will result in the dismissal of this case.**

Along with this order, the Clerk shall mail Plaintiff another copy of the order setting the deadline to file an amended complaint.  (ECF No. 13.)  That order remains in effect, except the deadline to file an amended complaint is extended to **May 22, 2026**.  **If Plaintiff fails to file an amended complaint within the designated time, or if the amendment is not sufficient, this case may be dismissed.**

**IT IS SO ORDERED.**

Dated: April 22, 2026

_____
JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California

2