UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TITA NYAMBI,

          Plaintiff,

     v.

HUMBOLDT COUNTY SUPERIOR COURT, et al.,

          Defendants.

Case No. 25-cv-03774-JSC

**ORDER OF DISMISSAL**

Plaintiff, a former inmate in the Humboldt County Correctional Facility ("HCCF"), and proceeding without an attorney when he filed this civil rights action under 42 U.S.C. § 1983, has failed to maintain his current address with the Court despite repeated orders to do so. (ECF Nos. 6, 11, 13, 15.) As explained in the most recent Order to Show Cause and to Update Address:

> Most recently, on March 23, 2026, the Order setting a new deadline to file an Amended Complaint (ECF No. 13), which was mailed to Plaintiff at the HCCF address he provided to the Court in his complaint and his most recent filing (ECF Nos. 1, 12), was returned by the postal service because it could not be delivered to him at that address (ECF No. 14). This is the third occasion on which mail sent to Plaintiff at the address he provided was returned as undeliverable. (See ECF Nos. 8, 10, 14.)[1]

(ECF No. 15 at 1 (footnote in original).) The Court therefore ordered Plaintiff as follows:

> On or before May 22, 2026, Plaintiff shall: (1) provide a current valid mailing address and any identification number necessary for him to receive mail; and (2) show cause why this case should not be dismissed under Civil Local Rule 3-11 or Rule 41(b). **The failure to do so may result in the dismissal of this case without prejudice.**

(*Id.* at 2 (emphasis in original).) This order was returned by the postal service as undeliverable on May 12, 2026. (ECF No. 16.) Plaintiff has not provided the Court with his current address or

---

[1] The most recent order details the extensive efforts to mail Plaintiff orders at a valid address. (See ECF No. 13.)

made any contact with the Court.

Pursuant to Northern District Civil Local Rule 3-11:

> (a) **Duty to Notify.** An attorney or a party proceeding pro se whose address changes while an action is pending must promptly file with the Court and serve upon all opposing parties a Notice of Change of Address specifying the new address.
>
> (b) **Dismissal Due to Failure.** The Court may, without prejudice, dismiss a complaint or strike an answer when:
>
> > (1) Mail directed to the attorney or pro se party by the Court has been returned to the Court as not deliverable; and
> >
> > (2) The Court fails to receive within 60 days of this return a written communication from the attorney or pro se party indicating a current address.

Civ. L.R. 3-11; *see also Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (affirming dismissal with prejudice of pro se prisoner's complaint for failing to notify court of his change of address despite local rule providing that case be dismissed without prejudice because any lesser sanction would impose affirmative obligation for district courts to track down pro se prisoners).

In addition, Federal Rule of Civil Procedure 41(b) allows the involuntary dismissal of an action or a claim for "failure of the plaintiff to prosecute or comply with these rules or any order of the court." A district court may sua sponte dismiss an action pursuant to Rule 41(b). *See Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962). But such a dismissal should be only when the failure to comply is unreasonable. *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991).

Plaintiff has not provided his current address for mailing as required by Civil Local Rule 3-11(a). Plaintiff has been given the opportunity and time to explain and correct this failure, but he has failed to do so. It has been more than 60 days since Plaintiff's mail was returned as undeliverable due to his address being incorrect, which provides grounds for dismissal under Civil Local Rule 3-11(b). There is also grounds for dismissal of this case under Rule 41(b) because Plaintiff has not complied with the orders to maintain his current address (*see* ECF No. 6 at 4:27-5:2 ("Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed 'Notice of Change of Address.'"); *see also* ECF Nos. 11, 13, 15), and he has not provided a reasonable explanation for this lack of compliance.

2

Accordingly, pursuant to Civil Local Rule 3-11(b) and Rule 41(b) of the Federal Rules of Civil Procedure, this case is DISMISSED without prejudice to refiling in a new case in which Plaintiff provides and maintains his correct address.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: June 8, 2026

JACQUELINE SCOTT CORLEY
United States District Judge